UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY STINNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:15-cv-00691-RLY-MPB |
| | ) |
| EOS CCA and U.S. ASSET | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTIONS FOR ASSESSMENT
OF ATTORNEYS' FEES AND COSTS and MOTION FOR
LEAVE TO CITE ADDITIONAL AUTHORITY**

Plaintiff, Anthony Stinnett, brought this action against Defendants, EOS CCA and U.S. Asset Management, Inc., pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The parties reached a settlement on November 2, 2016. The settlement agreement provides that Plaintiff is entitled to attorneys' fees and costs, and the court will determine a reasonable amount to award.

"A request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), but the parties vigorously dispute how much should be awarded in this case. As the Supreme Court recently emphasized, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). With this guidance in mind, the court briefly addresses the parties' arguments.

1

Plaintiff moves for an award of $11,927.50 in attorneys' fees and $609.00 in costs. Defendants object to the request for fees, advancing four primary arguments: (1) the hourly rates requested are unreasonable, (2) time spent on duplicative or unnecessary tasks is not recoverable, (3) time spent on boilerplate forms should be reduced, and (4) time spent on purely administrative tasks is not recoverable. After Plaintiff submitted his motion, this court ruled on fee petitions in two nearly identical cases. *See Reynolds v. EOS CCA*, No. 1:14-cv-01868-JMS-DML, 2016 U.S. Dist. LEXIS 161706 (S.D. Ind. Nov. 22, 2016); *Reed v. EOS CCA*, No. 1:14-cv-01745-JMS-DKL, 2016 U.S. Dist. LEXIS 161709 (S.D. Ind. Nov. 22, 2016).[1] *Reynolds* and *Reed* involved the same Defendants and counsel for both sides as this case. In those cases, this court considered the same four arguments set forth above and only found the first to be meritorious, holding the hourly rates should be slightly reduced.[2] For purposes of this motion, Plaintiff does not object to those reduced rates.

The court finds no principled reason to depart from the thorough, practical decisions in *Reynolds* and *Reed*, with one exception. After the court entered summary judgment in favor of the plaintiffs in *Reynolds* and *Reed*, Plaintiff's attorneys researched the doctrine of offensive collateral estoppel in order to determine if it could be used in a dispositive motion in this case. Whereas no dispositive motion was ever drafted or filed,

---

[1] Plaintiff's Motion for Leave to Cite Additional Authority (Filing No. 60) is **GRANTED**.
[2] Plaintiff had three time keepers working on his case: John Steinkamp (who bills at $300/hour), Michael Eades (who bills at $200/hour), and an unnamed paralegal (who bills at $125/hour). The plaintiffs in *Reynolds* and *Reed* had the same three time keepers. In those cases, the court reduced the three hourly rates to $275, $175, and $100, respectively.

2

Defendants maintain that this research was unnecessary.  The court agrees; these fees should not be shifted to Defendants.  The nearly $1,000 billed in connection with researching this doctrine shall be excluded.

Therefore, Plaintiff's Motion for Assessment of Attorneys' Fees and Costs (Filing No. 56) is **GRANTED IN PART**.  The court cannot readily calculate the fee award with the reduced rates because the statement provided by Plaintiff does not include the total number of hours logged by each time keeper.  Accordingly, Plaintiff is **ORDERED** to file a new itemized invoice that (a) reflects the reduced hourly rates and (b) indicates that there is no charge for the collateral estoppel research, within fourteen days of the date of this Order.  Plaintiff's request for costs goes unchallenged, and is therefore approved.

Plaintiff also moves to recover the attorneys' fees incurred litigating this motion.  Specifically, he seeks $3,007.50.  This amount reflects the reduced hourly rates discussed above.  Noting no objection from Defendants, Plaintiff's Supplemental Motion for Assessment of Attorneys' Fees and Costs (Filing No. 61) is **GRANTED**.

Once Plaintiff has filed his amended invoice, the parties should be able to easily add the three sums (the updated amount for attorneys' fees, $3,007.50 for supplemental attorneys' fees, and $609.00 for costs) together for one grand total.  Defendants are **ORDERED** to remit that grand total to Plaintiff within fourteen days of him filing the

amended invoice. No further Order shall issue.

**SO ORDERED** this 14th day of April 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.